**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jeffrey Michaelson, Appellant.

Appellate Case No. 2010-166526

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2013-UP-188
Submitted April 1, 2013 – Filed May 8, 2013

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Meggett*, 398 S.C. 516, 523, 728 S.E.2d 492, 496 (Ct. App. 2012) ("The denial of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion resulting in prejudice."); *State v. McKennedy*, 348 S.C. 270, 280, 559 S.E.2d 850, 855 (2002) ("[The supreme court] has repeatedly upheld denials of motions for continuances where there is no showing that any other evidence on behalf of the defendant could have been introduced, or that any other points could have been raised, if more time had been granted to prepare for trial."); *State v. Colden*, 372 S.C. 428, 438, 641 S.E.2d 912, 918 (Ct. App. 2007) ("All components of Rule 7(b), SCRCrimP, including that of the attestation under oath, are strictly required, and a party asking for a continuance must show due diligence in trying to procure the testimony of the witness, as well as what the party believes the absent witness would testify to and the basis for that belief."); *id*. at 439, 641 S.E.2d at 918-19 ("It is paramount that the party asking for the continuance show 'due diligence' was used in trying to procure the absent witness."); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (noting "the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses"); *State v. Richardson*, 253 S.C. 468, 473-74, 171 S.E.2d 717, 719 (1969) (noting "the State is not required to place upon the stand every witness who has knowledge of material facts connected with the crime charged or whose name is endorsed upon the indictment"); *State v. Charping*, 333 S.C. 124, 129, 508 S.E.2d 851, 854 (1998) ("[A]n adverse inference from the unexplained failure of a party to call an available witness is generally held not warranted where the material facts assumed to be within the knowledge of the absent witness have been testified to by other qualified witnesses."); *State v. Morris*, 376 S.C. 189, 209, 656 S.E.2d 359, 370 (2008) (stating when testimony from unavailable witnesses would be cumulative, the defendant cannot make a successful argument for a continuance).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.